**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-2153**

MICHAEL GODBEY,

        Plaintiff - Appellant,

    v.

IREDELL MEMORIAL HOSPITAL, INCORPORATED,

        Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:12-cv-00004-RLV-DSC)

Submitted: May 23, 2014         Decided: July 25, 2014

Before MOTZ and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert M. Elliot, ELLIOT MORGAN PARSONAGE, PLLC, Winston-Salem, North Carolina; Mary C. Vargas, Michael S. Stein, STEIN & VARGAS, LLP, Frederick, Maryland; Marc P. Charmatz, Caroline E. Jackson, NATIONAL ASSOCIATION OF THE DEAF LAW AND ADVOCACY CENTER, Silver Spring, Maryland, for Appellant. Deborah Whittle Durban, Columbia, South Carolina, Donald R. Pocock, NELSON MULLINS RILEY & SCARBOROUGH, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In the present appeal, Michael Godbey (Godbey), a male in his mid-30s who has been deaf since birth, challenges the district court's grant of summary judgment in favor of Iredell Memorial Hospital, Inc. (Iredell) with respect to his claim for money damages under section 504 of the Rehabilitation Act of 1973 (the Act), 29 U.S.C. § 794(a). According to Godbey, Iredell violated section 504 of the Act by failing to ensure effective communication between himself and Iredell staff while a patient at Iredell on six occasions in 2010 and on one occasion in 2011.

Section 504 of the Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). In granting summary judgment in favor of Iredell, the district court held that, although "a genuine issue of fact has been presented as to multiple instances of [Iredell's] failure to communicate effectively with [Godbey][,]" Godbey failed to create a genuine issue of material fact that such failure was caused by Iredell being deliberately indifferent to Godbey's need to effectively communicate with Iredell staff about his

- 2 -

medical condition and medical treatment.  Godbey v. Iredell Mem'l Hosp., No. 5:12-cv-00004-RLV-DSC, 2013 WL 4494708, at *7 (W.D.N.C. Aug. 19, 2013).  We affirm on the reasoning of the district court.  Id., at *1-8.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED